BRIAN L. JOHNSRUD, State Bar No. 184474
PATRICK SHERMAN, State Bar No. 229959
CURLEY, HURTGEN & JOHNSRUD LLP
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone:  650.600.5300
Facsimile:   650.323.1002
E-mail:  bjohnsrud@chjllp.com
         psherman@chjllp.com

Attorneys for Defendants
CELGENE CORPORATION and SIGNAL PHARMACEUTICALS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUNA-MORAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CELGENE CORPORATION, SIGNAL PHARMACEUTICALS, LLC, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. _____<br><br>**DEFENDANTS CELGENE CORPORATION AND SIGNAL PHARMACEUTICALS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

　　　　PLEASE TAKE NOTICE THAT Defendants Celgene Corporation and Signal Pharmaceuticals, LLC (collectively, "Defendants"), by and through their attorneys, submit this Notice of Removal and, pursuant to 28 U.S.C. §1441, remove to this Court the state action described below:

　　　　1.　　On or about August 9, 2016, Plaintiff Antonio Luna-Moran ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of San Francisco, Case No. CGC-16-553584, captioned *Antonio Luna-Moran v. Celgene Corporation, Signal Pharmaceuticals, LLC, and Does 1-20, inclusive*.  Plaintiff caused the Complaint to be served on Defendant Signal Pharmaceuticals, LLC on August 10, 2016.  True and correct copies of the

1. Complaint, Summons, and accompanying documents served on Defendant Signal Pharmaceuticals, LLC are attached hereto as <u>Exhibit A</u>. Plaintiff caused the Complaint to be served on Defendant Celgene Corporation on August 18, 2016. True and correct copies of the Complaint, Summons, and accompanying documents served on Defendant Celgene Corporation are attached hereto as <u>Exhibit B</u>. On August 24, 2016, Defendants Celgene Corporation and Signal Pharmaceuticals, LLC filed their Answer in Superior Court, a true and correct copy of which is attached hereto as <u>Exhibit C</u>. No proceedings have been held in this action, and Exhibits A, B, and C constitute all process, pleadings and orders filed in this case.

2. This Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of the Complaint and Summons. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

3. Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California, and a resident of the State of California. (Complaint, at ¶ 1). Plaintiff alleges that "Plaintiff was, all times relevant hereto, a resident of the State of California." (*Id.*). Residence is itself *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994). Plaintiff further alleges that he was employed at Defendants' San Francisco, California facility. (Complaint, ¶ 6).

4. At the time the Complaint was filed and presently, Defendant Celgene Corporation was and is a Delaware corporation with its principal place of business in Summit, New Jersey. (Declaration of Peter Chae In Support of Removal ("Chae Decl.") ¶ 2). The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id*. As Summit, New Jersey is the site of Celgene's corporate headquarters and executive offices, where Celgene's high level officers direct, control, and coordinate Celgene's activities, (Chae Decl. ¶ 2), Celgene's "nerve center" is in New Jersey. Since Celgene's nerve center is in New Jersey, it is a citizen of the State of New Jersey, in addition to being a citizen of the State of Delaware, its state

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

2   DEFENDANTS' NOTICE OF REMOVAL OF
ACTION   (CASE NO. _____)

of incorporation.

5.     At the time the Complaint was filed and presently, Defendant Signal Pharmaceuticals, LLC's sole owner and sole member was and is Celgene Corporation.  (Chae Decl. ¶ 2).  As an LLC, Signal Pharmaceuticals was and is a citizen of the state of its sole owner and sole member, Celgene Corporation.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.").  At the time the Complaint was filed and presently, Celgene Corporation was and is a Delaware corporation with its principal place of business in Summit, New Jersey.  (Chae Decl. ¶ 2).  Since Celgene is a citizen of the States of New Jersey and Delaware, and because it is the sole owner and sole member of Signal Pharmaceuticals, LLC, Signal Pharmaceuticals is a citizen of the States of New Jersey and Delaware.

6.     The Doe defendants named in the Complaint have no effect on this removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

7.     This action is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332.  This entire action is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between a citizen of the State of California (Plaintiff) on the one hand, and citizens of Delaware and New Jersey on the other.  Specifically, Defendant Celgene Corporation is a citizen of Delaware and New Jersey, and Defendant Signal Pharmaceuticals is a citizen of Delaware and New Jersey by virtue of the citizenship of its sole owner and sole member, Celgene Corporation, which is incorporated in Delaware with its principal place of business in New Jersey.

8.     It is apparent from the Complaint that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Defendants need only show that it is more probable than not that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Here, while Defendants deny all liability and damages, Plaintiff's settlement demand in this case exceeds $75,000 exclusive of costs and interest.  (*See* Sherman Decl. ¶ 2).  Plaintiff has demanded $995,000 to settle Plaintiff's

claims, including $148,034 in alleged past lost wages, $318,953 in alleged future lost wages, and $512,257 in alleged emotional distress damages.  (*Id*.)  Plaintiff's settlement demand is admissible to prove that the case satisfies the amount in controversy requirement.  *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (upholding admission of settlement offer to establish amount in controversy requirement, rejecting argument that settlement offer was inadmissible under Federal Rule of Evidence 408).

9. Further, the Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000, on the following grounds:

a. Consistent with his settlement demand, Plaintiff alleges employment discrimination claims under the Fair Employment and Housing Act, and employment discrimination cases routinely satisfy the amount in controversy requirement.  *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (C.D. Cal. 2002) (surveying cases, finding jurisdictional minimum of $75,000 clearly satisfied in employment discrimination case where employee sought damages including lost wages, punitive and emotional distress damages, and attorneys' fees); *Celestino v. Renal Advantage Inc*., 2007 U.S. Dist. LEXIS 33827 (N.D. Cal. Apr. 24, 2007) (jurisdictional minimum met where Plaintiff claimed damages including loss of income and benefits, emotional distress and punitive damages).

b. Plaintiff further alleges he has suffered harm, including lost earnings and other employment benefits, mental and emotional distress, and other general and special damages.  (*See* Complaint, ¶¶ 22, 33, 44, 54, 62).  An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum.  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").  Here, Plaintiff values his emotional distress claim at over $500,000.  (Sherman Decl. ¶ 2).

c. Plaintiff also seeks attorneys' fees pursuant to the California Fair Employment and Housing Act and the California Labor Code, including a Lodestar.  (Complaint,

¶¶ 24, 35, 56, 77, 84, Prayer for Relief). It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). Plaintiff may recover attorneys' fees on his causes of action under the FEHA because the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, *supra*, 209 F.Supp.2d at 1035. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Circ. 2000) (recognizing that award of attorneys' fees of $376,250 may be appropriate in a FEHA case where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n.*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

        d.     Plaintiff also seeks punitive damages. (Complaint, ¶¶ 23, 34, 45, 55, 63, 68, Prayer for Relief). The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady, supra*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code Section 3294.

*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment discrimination cases have the potential for large punitive damages awards.  *Simmons*, *supra*, 209 F.Supp.2d at 1033.  A punitive damages award may equal as much as four times the amount of the actual damages.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id*. at 334.  Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

    e. Finally, statistics from Jury Verdict Research's "Employment Practice Liability: Jury Award Trends and Statistics," based on state and federal verdicts in cases alleging discrimination, retaliation, wrongful termination, violation of whistleblower laws, and family and medical leave issues, further confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs.  (Sherman Decl. ¶¶ 3-10, Exhibits 1-7).

  10. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

  11. Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

  12. In joining this Notice of Removal, Defendant Signal Pharmaceuticals, LLC does not concede that it is a proper party to Plaintiff's lawsuit, and does not concede that it was Plaintiff's employer.

  WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendants pray that the above-captioned action in the Superior Court of the

1  State of California in and for the County of San Francisco be removed therefrom to this Court.

Dated: August 25, 2016                              CURLEY, HURTGEN & JOHNSRUD LLP


By  /s/ Brian L. Johnsrud
    BRIAN L. JOHNSRUD
    Attorneys for Defendants
    CELGENE CORPORATION and SIGNAL
    PHARMACEUTICALS, LLC

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

7

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION  (CASE NO. _____)