# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
08/18/2016
CT Log Number 529700289

TO: Jacquelyn H. Johnson
Celgene Corporation
86 Morris Ave
Summit, NJ 07901-3915

RE: **Process Served in California**

FOR: Celgene Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Antonio Luna-Moran, Pltf. vs. Celgene Corporation, et al., Dfts. // To: Celgene Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC16553584 |
| **NATURE OF ACTION:** | Plaintiff seeking statutory damages and actual damages for willful and negligent violations committed by defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2016 at 09:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | JASON J. KWAN<br>LAW OFFICE OF RICHARD J. VAZNAUGH<br>1388 Sutter Street, Ste. 1000<br>San Francisco, CA 94109<br>(415) 593-0076 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783864930120<br><br>Image SOP<br><br>Email Notification,  Jacquelyn H. Johnson  jacjohnson@celgene.com<br><br>Email Notification,  Ailyn Abin  aabin@celgene.com<br><br>Email Notification,  Theodora Bonelli  tbonelli@celgene.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / PR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

8/18    9:15

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CELGENE CORPORATION, SIGNAL PHARMACEUTICALS, LLC,
and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTONIO LUNA-MORAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse | CASE NUMBER:<br>*(Número del Caso):* C - 16 - 553584 |
|---|---|

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Richard J. Vaznaugh; 1388 Sutter Street, Suite 1000, San Francisco, CA 94109; (415)593-0076

| DATE:<br>*(Fecha)* AUG - 9 2016 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* MADONNA CARANTO | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CELGENE CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  RICHARD J. VAZNAUGH (SBN 173249)
   JASON J. KWAN (SBN 289680)
2  LAW OFFICE OF RICHARD J. VAZNAUGH
   1388 Sutter Street, Ste. 1000
3  San Francisco, California 94109
   Tel: (415) 593-0076
4  Fax: (415) 673-5606
   Email: richvaz@cajoblaw.com
5          jkwan@cajoblaw.com

6  Attorneys for PLAINTIFF
7  ANTONIO LUNA-MORAN

ENDORSED
F I L E D
San Francisco County Superior Court

AUG − 9 2016

CLERK OF THE COURT
BY: MADONNA CARANTO
                    Deputy Clerk

8              IN THE SUPERIOR COURT OF CALIFORNIA FOR THE

9                      COUNTY OF SAN FRANCISCO

10                       UNLIMITED JURISDICTION

11  ANTONIO LUNA-MORAN,                    Case No. CGC−16−553584

12              PLAINTIFF,                 COMPLAINT FOR DAMAGES

13      vs.                               1) DISABILITY DISCRIMINATION
                                          2) FAILURE TO ACCOMMODATE
14  CELGENE CORPORATION, SIGNAL              DISABILITY
    PHARMACEUTICALS, LLC, and DOES 1-     3) FAILURE TO ENGAGE IN A GOOD
15  20, inclusive,                           FAITH INTERACTIVE PROCESS
                                          4) RETALIATION
16              DEFENDANTS.               5) FAILURE TO PREVENT
                                             DISCRIMINATION/RETALIATION
17                                        6) WRONGFUL TERMINATION IN
                                             VIOLATION OF PUBLIC POLICY
18                                        7) FAILURE TO PAY FULL WAGES,
                                             LABOR CODE §§ 200, 227.3
19                                        8) WAITING TIME PENALTIES,
                                             LABOR CODE §§ 201, 203
20                                        9) UNFAIR BUSINESS PRACTICES
                                             (B&P § 17200)
21

22                                        JURY TRIAL DEMANDED

23

24          Comes now PLAINTIFF ANTONIO LUNA-MORAN who alleges against

25  DEFENDANTS CELGENE CORPORATION & CO., SIGNAL PHARMACEUTICALS, LLC,

26  and DOES 1-20, inclusive, and each of them as follows:

27

28

## PARTIES

1) PLAINTIFF was, all times relevant hereto, a resident of the State of California.

2) PLAINTIFF is informed and believes that DEFENDANT CELGENE CORPORATION (hereinafter "CELGENE") is a corporation and/or other business entity, form unknown, licensed and qualified to do business in California, and which does business at 1500 Owens St. # 600, San Francisco, CA 94158. Plaintiff is further informed and believes and thereon alleges that CELGENE employed PLAINTIFF from August 2008 until October 2014.

3) PLAINTIFF is informed and believes that DEFENDANT SIGNAL PHARMACEUTICALS, LLC (hereinafter "SIGNAL") is a limited liability company and/or other business entity, form unknown, licensed and qualified to do business in California, and headquartered at 4550 Towne Centre Court, San Diego, CA 92121. Plaintiff is further informed and believes and thereon alleges that SIGNAL PHARMACEUTICALS, its employees, representative and/or agents acting on its behalf, decided to terminate PLAINTIFF and SIGNAL was in some manner PLAINTIFF'S employer, part of integrated enterprise and/or alter ego of CELGENE. PLAINTIFF is informed and believes SIGNAL is in some manner responsible for some or all of the wrongs alleged herein.

4) The true names and capacities, whether individual, corporate, associate, agent, or otherwise, of the DEFENDANTS named herein as DOES 1 through 20 are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believes, and thereon alleges, each such fictitiously named DEFENDANT is in some way responsible for the acts and wrongs alleged in this complaint. PLAINTIFF will amend this complaint to allege their true names and capacities. PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT is, and at all times herein mentioned was, the agent, servant, and/or employee of all the other DEFENDANTS, and that each DEFENDANT was acting at all times both within and outside of the scope of his or her agency and/or employment and with the knowledge of his or her principal employer and/or co-DEFENDANTS.

5) PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT is, and at all times relevant was, the alter ego, successor corporation, owner, agent, servant, and/or employee of all the other DEFENDANTS, that DEFENDANTS were operating as an integrated enterprise, and/or that each DEFENDANT was acting at all times within the scope of his or his agency and/or employment and with the knowledge, permission, consent, and ratification of his or her principal and/or co-DEFENDANTS. In the alternative, PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT acted in its individual capacity in doing some or all of the acts alleged herein.

6) In 2014, PLAINTIFF was an Associate Scientist employed by DEFENDANTS CELGENE, SIGNAL and/or Does 1-20 at DEFENDANTS' San Francisco, California facility.

7) As used herein "DEFENDANTS" refers to the all of the DEFENDANTS, and incorporates the pleadings regarding the capacity of each DEFENDANT, as more specifically set out above.

## FACTUAL ALLEGATIONS

8) PLAINTIFF had been employed by DEFENDANTS or some of them, as a Scientist, from on or about August 2008 until October 2014.

9) In 2012, PLAINTIFF injured his left arm while working for DEFENDANTS and was diagnosed with lateral epicondylitis. PLAINTIFF continued working with medication and then took medical leave in early 2014 to undergo surgery for this work-related injury and recuperate.

10) PLAINTIFF was off work and on an approved medical leave starting on or about January 13, 2014. In June and July 2014, PLAINTIFF informed DEFENDANTS his doctor had released him to work with restrictions, however DEFENDANTS did not offer to reinstate him or give him any other work.

11) On or about August 13, 2014, PLAINTIFF again wrote to DEFENDANTS that he was released with restrictions. On or about the same date DEFENDANTS wrote and advised him

1   that DEFENDANTS would not accommodate his restrictions and if he was unable to return

2   to work by January 13, 2015 or sooner, he would be terminated from his job.

3   12) On or about August 20, 2014, PLAINTIFF wrote to DEFENDANTS that his primary treating

4   doctor had now released him to return to work with no restrictions and asked to be reinstated.

5   Instead of reinstating him, DEFENDANTS required he submit to an examination for a

6   second opinion from a doctor of their choice.

7   13) PLAINTIFF complied and was sent by DEFENDANTS to see a Nurse Practitioner at U.S.

8   Health Works on September 4, 2014. On September 4, 2014, Ms. Sherry "W.", who

9   identified herself as a Sr. Manager, Human Resources for DEFENDANT SIGNAL, wrote to

10   PLAINTIFF that she believed he was not fully recovered and not ready to return to work

11   without restrictions. PLAINTIFF was not offered reinstatement or any interactive process to

12   return to work. Ms. Sherry W. also wrote that he was on unpaid leave and his benefits were

13   terminated.

14   14) On October 2, 2014, DEFENDANTS arranged for PLAINTIFF to be examined by an

15   orthopedist, who also released him to work without restrictions. Nevertheless,

16   DEFENDANTS did not reinstate him or otherwise try to keep him employed. Instead, on or

17   about October 17, 2014, Ms. Sherry W. terminated him, allegedly because there was no

18   position available for him. From June 2014 until the date of his termination, DEFENDANTS

19   never reinstated him and never provided an on-the-job accommodation. DEFENDANTS

20   failed to have a good faith discussion with him about what accommodations could be made

21   to keep him in his job. DEFENDANTS did not work with him in good faith to see if it was

22   possible to find an alternate open position for which he was qualified.

### FIRST CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE §§ 12926 AND 12940, ET SEQ.
### DISABILITY DISCRIMINATION
### (PLAINTIFF v. ALL DEFENDANTS)

26   15) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs

27   as if fully set forth herein.

16) PLAINTIFF timely filed a discrimination complaint against DEFENDANTS with the Department of Fair Employment and Housing ("DFEH") on or about August 10, 2015. His FEHA claims herein are like or related to his DFEH complaint. Attached hereto as Exhibit 1 is a true and correct copy of the right-to-sue notices issued by the DFEH on August 10, 2015.

17) At the time of his requests for reinstatement, PLAINTIFF had a disability, a history of disability, and/or was perceived to have a disability that limited his ability to engage in one or more major life activities.

18) Nevertheless, PLAINTIFF was able to perform the essential functions of his Associate Scientist position with or without reasonable accommodation.

19) And, PLAINTIFF is informed and believes that he was able to perform the essential functions of at least one alternative position that was vacant in within a reasonable time of his requests for reinstatement, with or without reasonable accommodation.

20) DEFENDANTS separated PLAINTIFF because of his disability.

21) By the above alleged acts and others according to proof, DEFENDANTS violated the FEHA to PLAINTIFF's damage.

22) As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earnings, emotional distress, and other general and special damages, all to PLAINTIFF's damage in an amount which will be proven at trial.

23) The DEFENDANTS did the acts alleged herein maliciously, oppressively, and/or with wrongful intent. PLAINTIFF is therefore entitled to recover punitive damages from these DEFENDANTS in an amount according to proof.

24) PLAINTIFF has been required to retain legal counsel to vindicate his statutory rights and is thus entitled to reimbursement of reasonable attorneys' fees, including any lodestar multiplier.

25) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

## SECOND CAUSE OF ACTION
### VIOLATION OF GOVT. CODE § 12926, ET SEQ.
### FAILURE TO ACCOMMODATE
### (PLAINTIFF v. ALL DEFENDANTS)

26) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

27) PLAINTIFF suffered from at least one disability that limited his ability to engage in a major life activity. As a result, he requested reasonable accommodations including, but not limited to medical leave, reinstatement, and other accommodations.

28) DEFENDANTS and Does 1 through 20 were at all times material employers under the FEHA in that they employed at least five employees.

29) PLAINTIFF was a covered employee under the FEHA in that he suffered from a disability that limited at least one major life activity.

30) As a covered employee, PLAINTIFF was entitled to receive reasonable accommodation as determined by a good faith interactive process.

31) DEFENDANTS did not provide the aforementioned rights to PLAINTIFF.

32) By the above alleged acts, and others according to proof, DEFENDANTS violated the FEHA to PLAINTIFF's damage.

33) As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earnings, mental distress, and other general and special damages, all to PLAINTIFF's damage in an amount which will be proven at trial.

34) The DEFENDANTS did the acts alleged herein maliciously, oppressively, and with wrongful intent. PLAINTIFF is therefore entitled to recover punitive damages from these DEFENDANTS in an amount according to proof.

35) PLAINTIFF has been required to retain legal counsel to vindicate his statutory rights and is thus entitled to reimbursement of reasonable attorneys' fees, including any lodestar multiplier.

36) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

## THIRD CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE § 12940
### FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS
### (PLAINTIFF v. ALL DEFENDANTS)

37) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

38) DEFENDANTS and Does 1 through 20 were at all times material employers under the FEHA.

39) PLAINTIFF was a covered employee under the FEHA.

40) DEFENDANTS and/or their agents and employees failed to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations in response to a request for reasonable accommodation by an employee with a disability as required by Cal. Gov't Code § 12940(n).

41) DEFENDANTS and/or their agents and employees had knowledge of PLAINTIFF'S disability. DEFENDANTS and/or their agents and employees made no attempts to engage in the interactive process to determine whether a reasonable accommodation existed that would have allowed him to remain employed and denied at least one specific, reasonable request by Plaintiff.

42) The lack of response by DEFENDANTS, and/or their agents and employees to PLAINTIFF's request for reasonable accommodation was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between DEFENDANTS' failure to engage in the interactive process in good faith and the injuries suffered by PLAINTIFF.

43) By failing to engage in good faith in an interactive process to determine whether a reasonable accommodation could be made for PLAINTIFF, DEFENDANTS and Does 1 through 20 committed unlawful employment practices as described and prohibited in Cal. Gov't Code § 12940(n).



44) As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered harm, including lost wages and benefits, attorneys' fees and other general and special damages, all to PLAINTIFF's damage in an amount that will be proven at trial.

45) The DEFENDANTS did the acts alleged herein maliciously, oppressively, and with wrongful intent. PLAINTIFF is therefore entitled to recover punitive damages from these DEFENDANTS in an amount according to proof.

46) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

## FOURTH CAUSE OF ACTION
### VIOLATION OF GOVT. CODE §§ 12926, 12940, 12940(h), AND § 12945.2, ET SEQ.
### RETALIATION
### (PLAINTIFF v. ALL DEFENDANTS)

47) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

48) PLAINTIFF was subjected to a practice of retaliatory differential treatment by DEFENDANTS based on his requests for reasonable accommodation of his disability, his requests of medical leave, his taking of protected leave and/or his opposition to DEFENDANTS' treatment of him. This practice constitutes discrimination in the terms and conditions of PLAINTIFF's employment, culminating in PLAINTIFF's termination from his employment based, at least in part, on these requests and/or protected activities.

49) DEFENDANTS and Does 1 through 20 were at all times employers under the FEHA in that they employed at least five employees.

50) PLAINTIFF was a covered employee under the FEHA in that he suffered from a serious health condition and/or had a disability that limited him in at least one major life activity.

51) DEFENDANTS were employers or persons subject to the requirements of the FEHA and had a legal duty prohibiting retaliation against PLAINTIFF for requesting and/or taking leave, and/or for other activities protected by theses statutes.

52) As a covered employee entitled to reasonable accommodation, a good faith interactive process, to be free from discrimination based on his disability, to be free from retaliation for requesting a reasonable accommodation and/or medical leave, and to be free from

1    interference with his FEHA rights, PLAINTIFF was entitled to continue his employment

2    with DEFENDANTS without being retaliated against. DEFENDANTS' retaliation includes,

3    but is not limited to taking adverse employment actions against him based, at least in part, on

4    his requests for reasonable accommodation and/or protected leave.

5    53) By the above alleged acts and others according to proof, DEFENDANTS violated the FEHA

6    to PLAINTIFF's damage.

7    54) As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF has

8    suffered harm, including lost earnings and other employment benefits, lost earnings, mental

9    distress, and other general and special damages, all to PLAINTIFF'S damage in an amount

10   which will be proven at trial.

11   55) The DEFENDANTS did the acts alleged herein maliciously, oppressively, with ill will,

12   and/or in reckless disregard of PLAINTIFF's statutory rights. PLAINTIFF is therefore

13   entitled to recover punitive damages from these DEFENDANTS in an amount according to

14   proof.

15   56) PLAINTIFF has been required to retain legal counsel to vindicate his statutory rights and is

16   thus entitled to reimbursement of reasonable attorneys' fees, including any lodestar

17   multiplier.

18   57) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

19                              **FIFTH CAUSE OF ACTION**
                    **VIOLATION OF CAL. GOVT. CODE § 12940(k)**
20              **FAILURE TO PREVENT DISCRIMINATION/RETALIATION**
                         **(PLAINTIFF v. ALL DEFENDANTS)**
21

22   58) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs

23   as if fully set forth herein.

24   59) DEFENDANTS and/or their agents and employees, failed to take all reasonable steps

25   necessary to prevent discrimination and retaliation in employment from occurring. Further,

26   said DEFENDANTS knew or should have known of the failure to accommodate,

27   discrimination and retaliation against PLAINTIFF described above, yet failed to conduct an

28   adequate investigation into the nature and substance of the discrimination and retaliation and

---

LUNA-MORAN v. CELGENE CORP, et. al.          P a g e | 9          Case No.
COMPLAINT FOR DAMAGES

1 | failed to take immediate and appropriate corrective action so as to discipline any of the

2 | offenders.

3 | 60) The response of DEFENDANTS, and/or their agents/employees, to that notice was so

4 | inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged

5 | offensive practices, and an affirmative causal link existed between DEFENDANTS' inaction

6 | and the injuries suffered by PLAINTIFF.

7 | 61) By failing to take all reasonable steps necessary to prevent discrimination and retaliation, and

8 | by failing to properly investigate and remedy the discrimination and retaliation that occurred,

9 | DEFENDANTS committed unlawful employment practices as described and prohibited in

10 | Government Code § 12940(k).

11 | 62) As a direct, foreseeable and proximate result of DEFENDANTS' conduct, PLAINTIFF has

12 | suffered harm, including lost wages and benefits, attorneys' fees, and other general and

13 | special damages, all to PLAINTIFF'S damage in an amount that will be proven at trial.

14 | 63) The DEFENDANTS did the acts alleged herein maliciously, oppressively, and with wrongful

15 | intent. PLAINTIFF is therefore entitled to recover punitive damages from these

16 | DEFENDANTS in an amount according to proof.

17 | 64) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

18 |
19 |

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (PLAINTIFF v. ALL DEFENDANTS)

20 | 65) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs

21 | as if fully set forth herein.

22 | 66) DEFENDANTS' termination of PLAINTIFF was in violation of a substantial codified public

23 | policy of the state of California. Said policies include but are not necessarily limited to:

24 |    a) Govt. Code § 12940, et seq., prohibiting discrimination, including failure to

25 |     accommodate, based on disability and medical leave requests;

26 |    b) Title 2, Cal. Code of Reg., § 7286 et seq., prohibiting discrimination and retaliation,

27 |     and interference with rights;

28 |

c) The Americans with Disabilities Act and it's implementing regulations;

d) Unfair Business Practices Act, Bus. & Prof. Code §17200–17500; and,

e) Any other statutory, constitutional, or common law violation that the facts may

   suggest.

67) As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF has

suffered harm, including lost earnings and other employment benefits, mental distress, and

other general and special damages, all to PLAINTIFF's damage in an amount which will be

proven at trial.

68) The DEFENDANTS did the acts alleged herein maliciously, oppressively, and with wrongful

intent. PLAINTIFF is therefore entitled to recover punitive damages from these

DEFENDANTS in an amount according to proof.

69) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY FULL WAGES WHEN DUE, CAL. LABOR CODE § 201**
**UNPAID WAGES PER LABOR CODE §§ 200, ET SEQ., § 227.3, AND WAGE ORDERS**
**(PLAINTIFF VS. DEFENDANTS CELGENE and DOES 10-20)**

70) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs

as if fully set forth herein.

71) At the time of his separation, DEFENDANTS did not account for or pay PLAINTIFF's

earned but unpaid vacation pay. After demand by PLAINTIFF, DEFENDANTS conceded

that PLAINTIFF was due vacation pay in the amount of $6,817.24, and the penalty under

Labor Code § 203 of approximately $9,333.89. However, DEFENDANTS never provided an

accounting of the vacation and/or other accrued paid time off ("PTO") wages that were due,

which may be more than the amount offered, and it withheld these wages and penalties on

the explicit condition that PLAINTIFF must first repay claimed debts to DEFENDANTS, in

an amount less than the unpaid vacation wages, and other improper conditions.

72) Pursuant to Labor Code § 201, an employer must pay its employees full wages when due.

California Labor Code § 200 and the Wage Orders mandate that employers pay employees



1   the full amount of their wages, which Labor Code § 200 defines as "all amounts for labor

2   performed by employees of every description, whether the amount is fixed or ascertained by

3   the standard of time, task, piece, commission basis, or other method of calculation."

4   73) California Labor Code § 227.3 mandates that when an employer provides for paid vacations

5   separates an employee, all vested vacation shall be paid to the employee as wages at his final

6   rate on the date of separation.

7   74) An employee's right to receive pay for vested but unused vacation time under California

8   Labor Code § 227.3 does not allow an employer to enforce a "use it or lose it" policy.

9   75) DEFENDANTS failed to compensate PLAINTIFF for vested vacation wages when

10   DEFENDANTS ceased being his employer on or about October 31, 2014.

11   76) By failing to compensate PLAINTIFF for his full wages when due, as required by the Labor

12   Code and Wage Order 4-2001, DEFENDANTS violated Labor Code §§ 200, 201, 227.3,

13   and/or the California Wage Orders.

14   77) In addition, PLAINTIFF is entitled by statute to recover reasonable attorney's fees and costs,

15   as well as interest accruing from the date that the wages were due and payable, pursuant to

16   Labor Code § 218.5.

17   78) WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

18   **EIGHTH CAUSE OF ACTION**
**WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203**
19   **WAGES PAYABLE UPON DISCHARGE PER LABOR CODE § 201**
**(PLAINTIFF VS. DEFENDANTS CELGENE and DOES 10-20)**
20

21   79) PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein,

22   the allegations contained in the preceding paragraphs.

23   80) When an employee is separated from employment by termination, an employer must pay to

24   the employee all wages earned and unpaid at the time of discharge per Labor Code § 201. If

25   wages are not calculable at the time of discharge, they must be paid promptly and as soon

26   they are reasonably calculable. If an employer willfully, within the meaning of the statute,

27

28

1   fails to pay the employee accordingly, the wages of the employee shall continue as a penalty

2   from the date due until the date paid, for a maximum of 30 days, per Labor Code § 203.

3  81) DEFENDANTS willfully refused to pay all wages due to PLAINTIFF at the time of his

4   separation as required by Labor Code §203. PLAINTIFF therefore requests restitution and

5   penalties as provided by Labor Code §203.

6  82) PLAINTIFF's employment with DEFENDANTS ended on or before October 31, 2014.

7   DEFENDANTS did not fully pay PLAINTIFF's wages without condition, as required by

8   Labor Code § 206.5. The DEFENDANTS' failure to pay these wages to PLAINTIFF was

9   willful in that the wages are due and were demanded and DEFENDANTS willfully failed to

10   pay them.

11  83)  More than 30 days have elapsed since PLAINTIFF'S employment ended with the

12   DEFENDANTS. Failure to make timely payment subjects the employer to the mandatory

13   penalty of up to 30 days of wages. *See* Cal. Labor Code §§ 96(h), 200, and 203. Because

14   PLAINTIFF was not paid his full vacation wages and/or accrued PTO time within 30 days,

15   these unpaid wages will bring the penalty to 30 days of wages.

16  84) In addition, PLAINTIFF is entitled to recover reasonable attorney's fees and costs of suit for

17   recovery of unpaid wages, as well as interest accruing from the date that the wages were due

18   and payable, per Labor Code § 218.5.

19  85) WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

20                      **NINTH CAUSE OF ACTION**

               **VIOLATION OF B&P §§ 17200 ET SEQ.**

21                 **UNFAIR BUSINESS PRACTICES**

22               **(PLAINTIFF v. ALL DEFENDANTS)**

23  86) PLAINTIFF hereby re-alleges and incorporates by reference all of the preceding paragraphs

24   as if fully set forth herein.

25  87) §§ 17200, et seq. of the California Business and Professions Code prohibit any unlawful,

26   unfair or fraudulent business act or practice.

27

28

88) By the facts and claims alleged above, DEFENDANTS have engaged in and continue to engage in unlawful, unfair and fraudulent business practices in violation of §§ 17200, et seq. of the California Business and Professions Code.

89) DEFENDANTS' violation, and the violations of each of them, of California discrimination laws constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of PLAINTIFF.

90) At relevant times during the four years preceding the filing of this action, PLAINTIFF has suffered damages and requests damages and/or restitution of all monies, and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

91) In addition, PLAINTIFF seeks that the Court enter an injunction and /or other equitable relief to mitigate and/or prevent future or continuing abuse of the discrimination and wage and hour laws of which DEFENDANTS are in violation.

92) These challenged policies and practices have harmed PLAINTIFF.

93) PLAINTIFF is thus entitled to an order for injunctive relief correcting any continuing violations and any other equitable relief warranted by the facts.

94) PLAINTIFF is entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as follows:

1. For all compensatory damages, including lost wages and unpaid vacation pay and other unpaid wages, lost earnings, lost earning capacity and all other economic damages arising from the above claims, according to Proof;

2. For the recovery of the value of benefits including but not limited to health insurance, pension contributions, social security contributions or, if appropriate, for the recovery of the tangible benefit itself;

3. For restitution of all monies due to PLAINTIFF and disgorgement of profits from the unlawful business practices of DEFENDANTS;

4.  For waiting time penalties pursuant to Labor Code § 203;

5.  Actual and/or liquidated damages pursuant to Labor Code § 226(e);

6.  For punitive damages;

7.  For damages for emotional injury, humiliation, and mental anguish according to proof;

8.  For interest accrued to date, including pre-judgment interest;

9.  For costs of suit and attorneys' fees under the FEHA, Labor Code §218.5, and other applicable provisions of law;

10. For injunctive and equitable relief; and,

11. For such other and further relief that the Court may deem just and proper.

LAW OFFICE OF RICHARD J. VAZNAUGH

DATED: August 9, 2016

Jason J. Kwan, Esq.
ATTORNEYS FOR PLAINTIFF

# EXHIBIT 1



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 10, 2015

Antonio Luna-Moran
1526 Santiago Street
San Francisco California 94116

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 623817-174244
Right to Sue: Luna-Moran / Sherry Wiffen Celgene Corporation

Dear Antonio Luna-Moran,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective August 10, 2015 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc: Signal Pharmaceuticals, LLC Sherry Wiffen

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

## BEFORE THE STATE OF CALIFORNIA

3

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4

### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

5

6

In the Matter of the Complaint of                    DFEH No. 623817-174244

7

Antonio Luna-Moran, Complainant.
1526 Santiago Street

8

San Francisco California 94116

9

vs.

10

Sherry Wiffen  Celgene Corporation, Respondent.

11

10300 Campus Point Drive, Suite 100
San Diego,  California 92121

12

13

14

Complainant alleges:

15

1. Respondent **Celgene Corporation** is a **Private Employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is

16

subject to the FEHA.

17

2. On or around **October 17, 2015,** complainant alleges that respondent took the following adverse actions
against complainant: **Discrimination, Retaliation Asked impermissible non-job-related questions, Denied a**

18

**good faith interactive process, Denied a work environment free of discrimination and/or retaliation,**
**Denied employment, Denied reasonable accommodation, Denied reinstatement, Laid-off, Terminated,** .

19

Complainant believes respondent committed these actions because of their: **Disability, Engagement in**
**Protected Activity, Family Care or Medical Leave** .

20

21

3. Complainant **Antonio Luna-Moran** resides in the City of **San Francisco**, State of **California**.  If complaint
includes co-respondents please see below.

22

*Complaint – DFEH No. 623817-174244*

Date Filed: August 10, 2015

DFEH 903-1

1

2    **Co-Respondents:**
     Signal Pharmaceuticals, LLC
3    Sherry Wiffen
     4550 Towne Centre CT
4    San Diego  California 92121

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Date Filed: August 10, 2015

1

2   **Additional Complaint Details:**

3
    In 2012, Mr. Luna-Moran injured his left arm while working at Celgene and was
4   diagnosed with lateral epicondylitis. He continued working with medication and then
    took medical leave in 2014 to undergo surgery on his left arm and recuperate. He was
5   off work and on an approved medical leave starting on or about January 13, 2014. In
    June and July 2014, he wrote to Celgene that his doctor had released him to work with
6   restrictions, however Celgene did not offer him any work. On August 13, 2014, he again
7   wrote to Celgene that he was released with restrictions. On the same date Celgene
    wrote and advised him that it would not accommodate his restrictions and if he was
8   unable to return to work by January 13, 2015 or sooner, it would terminate him. On
    August 20, 2014, he wrote to Celgene that his primary treating doctor had now released
9   him to return to work with no restrictions and asked to be reinstated. Instead of
10  reinstating him, Celgene required him to go to a second opinion with a doctor of their
    choice. Mr. Luna-Moran complied and was sent by Celgene to see a Nurse Practitioner
11  at U.S. Health Works on Sept. 4, 2014. On Sept 4, 2014, Ms. Sherry Wiffen, an HR
12  representative for the employer, wrote to him that she had received information that he
    was not fully recovered and ready to return to work without restrictions. He was not
13  offered reinstatement or any interactive process to return to work. She also wrote that
    he was on unpaid leave and his benefits were terminated. On October 2 2014, Celgene
14  arranged for Mr. Luna-Moran to be examined by an orthopedist, who found continuing
    illness but released him to work without restrictions. Nevertheless, Celgene did not
15  reinstate him or otherwise try to keep him employed. Instead, on or about October 17,
16  2014, Ms. Wiffen terminated him allegedly because there was no position available for
    him. From June 2014 until the date of his termination, Celgene never reinstated him and
17  never provided an on the job accommodation. It failed to have a good faith discussion
    with him about what accommodations could be made to keep him in his job. Nor did it
18  work with him to find another open position. Ms. Wiffen is a Senior Human Resources
    Manager for Signal Pharmaceuticals, LLC A wholly owned subsidiary of Celgene
19  Corporation, according to her email signature.

20

21

22

*Complaint – DFEH No. 623817-174244*

Date Filed: August 10, 2015

## VERIFICATION

I, **Richard Vaznaugh**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 10, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

San Francisco, California 94109
**Richard Vaznaugh**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

DFEH 903-1

*Complaint – DFEH No. 623817-174244*

Date Filed: August 10, 2015

CASE NUMBER: CGC-16-553584  ANTONIO LUNA-MORAN VS. CELGENE CORPORATION E

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JAN-11-2017** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

They are experienced attorneys with at least **10 years** of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ **email esp@sfbar.org**

▶ **phone: 415-982-1600**

▶ **fax: 415-989-0381**

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

① Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

② When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

③ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

④ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

⑤ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

⑥ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

⑦ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

⑧ If the matter is settled in your ESP conference, congratulations!

⑨ If the matter is not settled in your ESP conference, your initial court date remains the same.

## The Early Settlement Program:

▸ Helps you resolve cases **quickly** and **economically**

▸ Has been a trusted program for over **20 years**

▸ Boasts a **78% settlement** rate and **97% satisfaction rate**

## Early Settlement provides:

▸ Panels of experienced trial attorneys (all with at least **10 years of experience**)

▸ **Three free hours** of settlement conference time per case, including one hour of preparation time

▸ Panelists who are matched with the case's type of law

▸ **Low administrative fee** of $295/party, capped at $590 for parties represented by the same counsel



Learn more about the Early Settlement Program—scan the QRCode or visit www.sfbar.org/adr/esp





**FAST**
Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

**ECONOMICAL**
Want a settlement option with less stress and cost than trial?

**FAIR**
Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Consider The Bar Association of San Francisco's

# Early Settlement Program

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

# TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

> George Yuhas, Esq.
> Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

> Robert Charles Friese, Esq.
> Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

> Leslie Caplan
> Global Warming Campaign Manager
> Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

> Mark Abelson, Esq.
> Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

> Denise A. Leadbetter, Esq.
> Zacks, Utrecht & Leadbetter



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600



FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame
In The Recorder's 'Best of' Poll
5 YEARS IN A ROW
2010 – 2014

# MEDIATION SERVICES



THE BAR ASSOCIATION OF
SAN FRANCISCO

 **Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package** 

| The plaintiff must serve a copy of the ADR Information package on each defendant along with the complaint.  (CRC 3.221(c)) |
| --- |

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.</u>



# Superior Court of California
## County of San Francisco



**HON. JOHN K. STEWART**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR ADMINISTRATOR**

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Michael I. Begert | The Honorable Harold E. Kahn |
| The Honorable Suzanne R. Bolanos | The Honorable Curtis E.A. Karnow |
| The Honorable Angela Bradstreet | The Honorable Charlene P. Kiesselbach |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charles F. Haines | The Honorable Mary E. Wiss |

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

**Alternative Dispute Resolution**
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____    _____
Name of Party Stipulating                 Name of Party Stipulating

_____    _____
Name of Party or Attorney Executing Stipulation    Name of Party or Attorney Executing Stipulation

_____    _____
Signature of Party or Attorney            Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant    ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____            Dated: _____

☐ *Additional signature(s) attached*

ADR-2  03/15        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO ·                    FAX NO. *(Optional).*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**
(Amount demanded    (Amount demanded is $25,000
exceeds $25,000)    or less)

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                Time:            Dept.:        Div.:          Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action):*

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:            f. Fax number:
e. E-mail address:              g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):*_____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____       ▷ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY)

_____       ▷ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

## Expedited Jury Trial Information Sheet

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set:** Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment:** A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

------------------------------------------------------------------

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

_____

Case No. _____

Case Name: _____   **v.**   _____

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| | | |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| | | |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>RICHARD J. VAZNAUGH (SBN 173249); JASON J. KWAN (SBN 289680)<br>LAW OFFICE OF RICHARD J. VAZNAUGH<br>1388 Sutter Street, Ste. 1000<br>San Francisco, CA 94109<br>TELEPHONE NO.: (415) 593-0076   FAX NO.: (415) 673-5606<br>ATTORNEY FOR *(Name):* Antonio Luna-Moran | **FOR COURT USE ONLY**<br>**ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>AUG - 9 2016<br><br>CLERK OF THE COURT<br>BY: MADONNA CABANTO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CGC-16-553584 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/9/2016

Jason J. Kwan
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition